Opinion of the Court, by
Ch. J. Boyle.
THIS was an action of ejectment, on the demise of M’Connell. Some of the tenants were admitted defendants, upon entering into the common rule generally, and others upon entering into it specially, by agreeing to confess the lease and entry, and not the ouster, in the declaration supposed. On the trial, some of the defendants were found, by the verdict of the jury, not guilty, being tenants in common with the lessor of the plaintiff; others were found guilty of the trespass and ejectment, as to one undivided sixtieth, and one undivided eighteenth of a thirtieth of the premises in their respective possessions; and a judgment having been *460 entered upon the verdict, the lessor of the plaintiff appealed to this court.
Where a deed has been recorded within the time prescribed by law, it relates back to the date, and vests the title in the grantee from the date.
If an execution is delivered to the sheriff after the date of the deed, but before it was lodged to be recorded, the date which the deed bears shall be presumed, prima facie, to be the true date, and the onus probandi will lie on the creditor, to show that it was antedated.
The time of executing a deed to which there are subscribing witnesses, cannot be proved by the grantee, unless due exertions have been made to obtain the testimony of the subscribing witnesses, & without effect.
On the trial in the court below, the lessor of the plaintiff produced in evidence a patent from the commonwealth of Virginia, bearing date the 28th of April 1787, purporting to grant 5,000 acres of land therein described to John Harvie, Charles Minn Thruston and the legal representatives of Edmund Taylor, deceased; and it was admitted by the parties that the said patent covers the land in controversy; that Edmund Taylor departed this life in 1786, leaving ten children, of whom George G. Taylor was the eldest, and as the law then stood, the heir of Edmund Taylor; that George G. Taylor conveyed to his brother William and sister Mary, to each one tenth of his interest, by a deed bearing date the 20th of October 1807, which was proved in the court of appeals, on the 2d of November 1810, and by another witness, on the 17th of February 1811, and admitted to record; and that George G. Taylor conveyed to his brother Edmund H. Taylor, one tenth of his interest, by deed bearing date the 17th of May 1800, and acknowledged by him in the court of appeals on the same day; and it was agreed that these deeds should have the same effect as if they were produced and read upon the trial.
The lessor of the plaintiff then read in evidence sundry judgments and executions obtained by others against George G. Taylor, and a deed from the sheriff of Greenup county, where the land lies, conveying all the interest of George G. Taylor therein, to the lessor of the plaintiff, as the purchaser under those executions.
The defendants then produced and offered a copy, from the general court of Virginia, of the will of Edmund Taylor, whereby he devised all his lands in Kentucky, with the exception of one tract, to his children, to be equally divided amongst them. The will bears date the 13th of September 1783, and was proved and admitted to record in the general court of Virginia, in 1789, which is certified and attested by the clerk of that court, with the seal of the court, and the presiding judge of the court certifies that the attestation of the clerk is in due form. To the reading of the copy of the will, the lessor of the plaintiff objected, because it was not sufficiently authenticated, and because it did *461 not appear that the will had been proved and admitted to record in any county court of this state; but the court overruled the objections, and permitted the copy to be read as evidence, to which the lessor of the plaintiff excepted.
The rule is the same, whether the deed to be proved is the substratum of the action, or comes in collaterally.
That the evidence objected to is unnecessary and superfluous, is no justification for having admitted it; because the immateriality of evidence is, per se, a sufficient grounds for rejecting it.
A man’s being greatly in debt and insolvent at the time he executes a deed of conveyance, does not render the deed, if executed and recorded according to law, void; but it is a circumstance which may be given in evidence to the jury, & from which they may find it fraudulent.
A deed certified under the act of 1792, from one county to another, must be certified to have been subscribed, as well as acknowledged in the presence of the justices.
*461 We entirely concur with the circuit court in the opinion that the objections taken to the admissibility of the copy of the will, are untenable. The authentication of the copy was in conformity with the requisitions or the act of congress; and as the will, prior to the separation of this state from Virginia, was admitted to record in the general court of that state, having competent jurisdiction to take the probat, it was not necessary that it should be again proved and admitted to record in a county court of this state, before a copy could be used in evidence, as was decided by this court at the present term, in the case of Marshall vs. Morgan, (3 Marsh, 613.)
After the defendants had given the copy of the will in evidence, they offered to read to the jury a deed from George G. Taylor to Richard French, purporting to be a conveyance of an undivided moiety of all the lands he was entitled to as heir or devisee of Edmund Taylor, and which he had not before conveyed to others, in consideration of French’s undertaking to investigate the titles; to the reading of which, the lessor of the plaintiff objected, because the deed did not appear to have been executed prior to the delivery of the executions under which he purchased, into the hands of the sheriff; and to obviate that objection, the defendants introduced Richard French, the grantee, as a witness, to whom the lessor of the plaintiff objected, because of incompetency, and because the absence of the subscribing witnesses was not accounted for; but the court overruled the objections, and admitted French to be sworn as a witness. French proved that the deed was made and delivered before the executions came to the hands of the sheriff; but he moreover proved that George G. Taylor was greatly embarrassed with debt, and harrassed by his creditors, and that in fact he was insolvent, and that French knew it before he received the deed.
The lessor of the plaintiff thereupon moved the court to instruct the jury, that the deed, under all the circumstances, was fraudulent and void as to *462 creditor and purchasers; which motion the court overruled. He then moved the court to instruct the jury, that the insolvency of Taylor, and French’s knowledge of that fact at the time the deed was made, were circumstances to be left to the jury, as evidence of fraud; but the court overruled that motion also, and permitted the deed to be read in evidence to the jury, without giving either of the instructions asked.
It is essential that the clerkshould certify that the deed, or a copy of it, has been recorded.
A deed is presumed to have been delivered on the day it bears date, and that presumption will stand, until the contrary shall be proved.
An acknowledgment of a deed after its date, cannot be considered as a re-delivery of the deed.
An acknowledgment of a deed is not equivalent to a delivery of it, although it is evidence of its having been delivered.
A patent which issued prior to the first day of Jan'ry 1787, to the legal representative, vested the legal title in the eldest son.
*462 That the deed was properly admitted, there can be no doubt. It bore date prior to the time the executions under which the lessor of the plaintiff purchased, came to the hands of the sheriff, and it was duly recorded, within the time prescribed by law, in the office of the clerk of this court. It was, therefore, admissible, without further proof of its execution; and it must be presumed, in the absence of any proof to the contrary, that it was executed on the day of its date. It is true, the deed was not recorded until after the executions came to the hands sheriff; but a deed, when it is recorded in due time, has relation to the date of execution, and vests the title in the vendee from that time.
Nor have we any doubt as to the competency of French as a witness. He had no interest in the event of the cause; he was not a party to the suit, and the verdict and judgment could not be used as evidence, either for or against him, in any suit in which he might be a party. But, notwithstanding he was a competent witness, yet his testimony, in relation to the time of the execution of deed, was, we think, inadmissible. It is an invariable rule, that any matter in relation to the execution of an instrument, can be proved only by the subscribing witnesses, if they can be produced and are capable of being examined. So strictly is this rule observed, that even the admission by the defendant, in answer to a bill filed against him for a discovery, that he executed the instrument, will not dispense with the testimony of the subscribing witness; and the rule is the same, whether the instrument be the foundation of the action or comes in collaterally as part of the evidence in the cause, or whether it be offered against a party to the deed or a third person. Phillip’s Evid. 356-7. It is true, that French’s testimony as to the time of the execution of the deed in question here, was immaterial, inasmuch as the deed itself afforded a presumption that it had been executed prior to the time *463 when the executions came to the hands of the sheriff, and that presumption was repelled by no proof in the cause. But the immateriality of his testimony is a reason rather for excluding, than for admitting it; for the circumstance that testimony is immaterial, is in itself a good objection to its admissibility. The circuit court, therefore, erred in admitting French’s testimony, for the purpose of proving the time when the deed in question was executed.
Notwithstanding the decedent had made a will, and devised lands equally among all his children, the younger children had only equitable rights under the will and patent.
It is not necessary to the proof of an actual ouster to show that any force was used; it is sufficient to show that the tenant in possession claims the whole, & denies the title of the cotenant.
With respect to the instructions asked, we concur with the circuit court, that the circumstances were not such as to render the deed fraudulent per se; but we cannot accord with that court in the opinion that those circumstances did not conduce to prove the deed fraudulent, and of course we think the court erred in not instructing the jury that those circumstances were left with them as evidences of fraud.
After the proceedings which we have just noticed had taken place, the defendants offered to read a deed from John Wallace and Frances his wife, who is one of the children of Edmund Taylor, deceased, purporting to be a conveyance of part of the land in controversy, by metes and bounds, to one of the defendants; to the reading of which, the lessor of the plaintiff objected, because its execution was not proved; but the court overruled the objection, and admitted the deed to be read.
The deed in question was certified by two justices the peace of Jefferson county, to have been acknowledged before them, and they were certified by the clerk of the county court of that county, to be justices of the peace, and his attestation was certified by the presiding justice of the county court, to be in due form. In virtue of these certificates, the clerk of Greenup county court certifies that the deed was recorded in his office; and it was now offered in evidence, without any further proof of its execution.
It is perfectly clear, that the clerk of Greenup county court was not authorised to admit the deed to record in virtue of the certificates attached to it. In general, a clerk is authorised to admit a deed to record, only upon the acknowledgment of the party who made it, or the proof of the requisite number of witnesses; but, for the convenience of the citizens, the legislature has provided, by the 6th section of the “ act to reduce into *464 one the several acts and parts of acts concerning conveyances” 1 Litt. 569, [1 Dig. 310,] that “ when any person is about to convey a tract of land, and resides in any other county than that in which the land doth lie, it shall and may be lawful for such person and his wife, if he has any, to acknowledge and subscribe a deed for the same, in the presence of two justices of the peace in the county where they reside; and such justices, having previously examined the wife apart from her husband, whether she, with her own free will and consent, relinquished her right of dower in such land, shall certify the same on the deed, under their hands; and a copy of such deed shall be recorded in the court of the county, within four months, and the clerk shall certify on the original deed, that a true copy thereof has been recorded in his office; and such deed shall, within eight months thereafter, be recorded in the county in which the land shall lie, which shall be as lawful as if the deed had been acknowledged or proved by the parties in open court.”
From a bare inspection of this act, it is manifest, that its requisitions have not been complied with in this instance. In the first place, the justices of the peace of Jefferson county, have failed to certify that the deed was subscribed, as well as acknowledged, in their presence, and both are equally requisite, as was held during the present term, in the case of Wilson, &c. vs. Hughes, (ante 292); and in the next place, the clerk of Jefferson county court, has not certified on the deed that a copy of it was recorded in his office, as the act requires.
It is evident, therefore, that the deed was admitted to record by the clerk of Greenup county court, without the authority of any law to justify it, and its being so recorded, cannot, as has been frequently decided by this court, entitle it to the credence of an enrolled or recorded deed. Consequently, the circuit erred in admitting it to be read without proof of its execution.
The defendants then offered to read a deed from Reuben Eastin and John Eastin, and Hannah B. Eastin and Sarah Eastin, their wives, who were, also, two of the children of Edmund Taylor, deceased, purporting to be a conveyance by metes and bounds, of several parcels of the land in controversy, to another of the defendants, to the reading of which, the lessor of the plaintiff objected; but the circuit court overruled the objection *465 and permitted it to be read. This deed is certified by two justices of the peace for Jefferson county, to have been acknowledged and subscribed in their presence by the grantors, is certified by the clerk of the county court of Jefferson county, to have been recorded in his office, and was thereupon admitted to record in the office of the clerk of the Greenup county court; and all this was done in the time prescribed by the act before recited. It is obvious, therefore, that the deed was recorded in strict conformity to the requisitions of the act; and according to the express provisions of the act, is as lawful as if it had been recorded upon proof or the acknowledgment by the parties in open court. The circuit court was, consequently, correct in admitting the deed to be read, without farther proof of its execution.
What should be the effect of this deed on the trial, is a different question, and is involved in points hereafter to be noticed.
After the defendants had read the deed last mentioned, they read, without objection, a deed from George G. Taylor, to his sister, Frances Wallace, purporting to convey to her one equal tenth part of all the lands which had descended to him, as heir at law to Edmund Taylor, deceased.
The lessor of the plaintiff then read in evidence, a deed from Edmund H. Taylor to George G. Taylor, purporting to be a conveyance of one tenth of the land embraced by the patent heretofore mentioned. This deed bears date the 30th of May, 1796, and is certified by the clerk of this court, to have been acknowledged by Edmund H. Taylor, the grantor therein named, on the 21st of March, 1806, and to be duly recorded in his office. When the deed was read, the lessor of the plaintiff moved the court to instruct the jury, that it re-vested George G. Taylor with the title which he had conveyed to Edmund H. Taylor, in 1800, by the deed admitted and referred to in the agreement of facts before mentioned. But the court overruled the motion, and instructed the jury that the deed related back to its date, the acknowledgment of it in 1806 notwithstanding, and that the title which passed from George G. Taylor by the deed of 1800, was not re-vested in him.
Of the correctness of this opinion of the circuit court, we apprehend that there can be but little room to doubt. Taking the deeds alone, without reference to *466 the time of acknowledging the deed of 1796, the case would be simply this; that in 1796, Edmund Taylor conveyed to George Taylor, an undivided tenth of the land in controversy, and in 1800, George conveyed to Edmund, an undivided tenth of the same tract. In that case, it is evident that the title would be in Edmund; and if so, it is equally clear, that the title is still in him, unless the acknowledgment by him in 1806, of the deed of 1796, can render it a new deed, having effect from the date of its acknowledgment. This we cannot admit; for a deed must take effect from its delivery, and the delivery is always presumed to have been made on the day of the date of the deed. It may, indeed, be averred and proved to have been on a different day; but the natural as well as legal presumption, is, that it was on the same day, and that presumption stands until the contrary is proved.
It cannot, we apprehend, be urged with any propriety, that the acknowledgment of the deed in 1806, was a new or second delivery of the deed. The acknowledgment of a deed, is evidence of its delivery; but it is not a delivery. That which is acknowledged, must, from the very import of the term, be something distinct from the acknowledgment, and must exist before it can be acknowledged. This is, indeed, necessarily implied in the provision of the act concerning conveyances, requiring a deed to be acknowledged within eight months after the delivery; for such a requisition would be preposterous, if the acknowledgment were itself a delivery.
But admitting the acknowledgment to amount to a new delivery of the deed, still it could have no operation ; for the deed was complete by the first delivery, and it could be made no more than a deed by the second. It is, therefore, held, that a deed cannot take effect by every delivery; for if the first delivery take any effect, the second delivery is void—Perk. Sec. 154; Cow. Rep. 203-4.
We are aware, that the court of appeals of Virginia, has given a different decision; but that decision is unsupported by any satisfactory reason, and is, we conceive, utterly irreconcileable with the sound and settled principles of law. We willingly acknowledge the high respect we entertain for that court, and that in a doubtful case, we should have no hesitation to follow its decision ; but we cannot admit that it can change the law, *467 or that we are bound by its decision, in defiance of what we conceive to be law. The decision of the circuit court, therefore, upon the point under consideration, was, in the opinion of the majority of this court, correct.
That court was then moved by the lessor of the plaintiff to instruct the jury, that the patent from the commonwealth of Virginia, to the legal representatives of Edmund Taylor, deceased, passed the legal title of the land in controversy, to George G. Taylor, who was the heir at law, in exclusion of the other children; but the court overruled the motion, and instructed the jury that although the patent emanated, to the legal representative, instead of the legal representatives; yet the other children were all considered by the court as the legal representative, and that the legal title passed to them by the will, notwithstanding it was made before the legal title was consummated in the decedent.
It is perfectly clear, that the circuit court was mistaken in supposing that the legal title passed by the will of the decedent; for it is impossible that the legal title, which never was in him, and remained in the commonwealth until after his death, could have passed by his will. He does not even appear to have had an equitable title at the date of the will, and if he had not, there was no interest which could have passed to the devisees; for the English statute of wills, was in force at the date of the will, as well as the death of the testator, and it is well settled, that under that statute an after acquired interest in lands, could not be devised. But if he had any title which could have passed by the will, it is manifest that it must have been an equitable title only, which cannot be asserted, in a court of law.
Whether, however, the other children, as well as the heir at law, may not take the legal title under the patent from the commonwealth, is a different question, and depends upon the construction of the patent itself. As the patent grants the land to the legal representative of Edmund Taylor, deceased, it is obvious that none can take under it, but such as come within that description; and we cannot, with the circuit court, consider the other children, as well as the heir at law, as coming with in that description. The younger children, under the old law of primogeniture, cannot, merely as children, have any pretensions to stand in the place of or represent their deceased parent, in contemplation of law, and *468 as devisees, we have just seen, that there is nothing in case to show that they could take any interest in the land in controversy, and, of course, could not be the representative of the testator. But supposing them to have the equitable title, as devisees; still, we apprehend, they could not be said to be the legal representative of the deceased. They would, in that case, hold their equitable interest as purchasers, and could not, more than any other voluntary purchaser would have been, the representative of the deceased.
They would not, as the heir at law does, stand in the place of the ancestor and represent his right and his responsibility. We think, therefore, that the circuit court erred in the instructions given to the jury upon this point.
The court were then moved by the defendants, to instruct the jury that the defendants who were the vendees of Wallace and wife, and the Eastins and then wives, were tenants in common with the lessor of the plaintiff, and that he could not recover of them unless he proved an actual ouster; which instructions, the court gave.
We have before decided, that the deed from Wallace and wife, was improperly admitted as evidence, and the deed from the Eastins and their wives, could pass no title; for there is nothing in the record to show that they had any title in themselves. The defendants claiming under those deeds, therefore, could not be, as the circuit court have instructed the jury, tenants in common with the lessor of the plaintiff. If, indeed, the defendants claiming under those deeds, had been tenants in common with the lessor of the plaintiff, as they had not agreed upon entering into the common rule, to confess the ouster in the declaration supposed, the lessor of the plaintiff, to entitle him to recover, must have proved an actual ouster—Adams on Ejectment, 276. But to prove an actual ouster, it is not necessary to show, that there was any real force used; it is sufficient to show, that the tenant in possession claims the whole, and denies the title of his co-tenant—Adams on Ejectment, 56.
Judgment reversed with costs, and remanded for new proceedings to be had, not inconsistent with this opinion.